IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

NEW PRIME INC.,  )
 )
       Plaintiff, )
 )
v. )   Case No. 6:16-cv-03353-JTM
 )
MASTERCARD, )
 )
       Defendant. )

## ANSWER OF DEFENDANT MASTERCARD INTERNATIONAL INCORPORATED TO PLAINTIFF'S PETITION

Defendant MasterCard International Incorporated ("MasterCard"),[1] by its attorneys, hereby serves this Answer to the Petition (the "Petition") filed by New Prime Inc. ("Plaintiff" or "Prime Inc.").

MasterCard answers the numbered paragraphs 1 through 42 of the Petition as follows:

1. MasterCard denies the allegations in paragraph 1 of the Petition and states that certain allegations set forth in said paragraph constitute legal conclusions as to which no responsive pleading is required or appropriate other than to deny the allegations in said paragraph.

2. MasterCard denies the allegations in paragraph 2 of the Petition, except admits that Plaintiff purports to assert claims for relief under the jurisdiction of the

---

[1] The Petition, which names "MasterCard, a New York Corporation" as Defendant, fails to specify which MasterCard entity Plaintiff purports to sue. MasterCard International Incorporated is the operational entity and thus submits this answer on behalf of "MasterCard." To the extent the Petition is purportedly directed at a separate entity, MasterCard Incorporated, it joins in this answer.

Circuit Court for Greene County, Missouri, and states that certain allegations set forth in said paragraph constitute legal conclusions as to which no responsive pleading is required or appropriate other than to deny the allegations in said paragraph.

       3.       MasterCard denies the allegations in paragraph 3 of the Petition, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiff's residence, and states that certain allegations set forth in said paragraph constitute legal conclusions as to which no responsive pleading is required or appropriate other than to deny the allegations in said paragraph.

       4.       MasterCard denies the allegations in paragraph 4 of the Petition and states that certain allegations set forth in said paragraph constitute legal conclusions as to which no responsive pleading is required or appropriate other than to deny the allegations in said paragraph.

       5.       MasterCard denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Petition and states that certain allegations set forth in said paragraph constitute legal conclusions as to which no responsive pleading is required or appropriate other than to deny the allegations in said paragraph.

       6.       MasterCard denies the allegations in paragraph 6 of the Petition, except admits that MasterCard International Incorporated is a corporation organized under Delaware law with a principal place of business in Purchase, New York, that MasterCard maintains a facility and office in O'Fallon, Missouri, and states that certain allegations set forth in said paragraph constitute legal conclusions as to which no responsive pleading is required or appropriate other than to deny the allegations in said paragraph.

7. MasterCard denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Petition.

8. MasterCard denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Petition.

9. MasterCard denies the allegations in paragraph 9 of the Petition, except admits that it conducts its business throughout the United States, including in Missouri.

10(a). MasterCard denies the allegations in paragraph 10(a) of the Petition, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiff's processing of "MasterCard-facilitated transactions," and states that certain allegations set forth in said paragraph constitute legal conclusions as to which no responsive pleading is required or appropriate other than to deny the allegations in said paragraph.

10(b). MasterCard denies the allegations in paragraph 10(b) of the Petition, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the procedure Plaintiff employs in presenting customer transactions on MasterCard-branded payment cards, including Plaintiff's "offer[ing] to the respective Acquiring Bank the related transaction particulars," admits that the MasterCard network in the normal course of business may receive certain transaction-related information from Plaintiff's "acquiring" bank or processor, and states that certain allegations set forth in said paragraph constitute legal conclusions as to which no responsive pleading is required or appropriate other than to deny the allegations in said paragraph.

10(c). MasterCard denies the allegations in paragraph 10(c) of the Petition.

10(d). MasterCard denies the allegations in paragraph 10(d) of the Petition, except admits that the consumer's card-issuing bank will authorize or reject the proposed transaction and that this authorization will be communicated over the MasterCard network.

10(e). MasterCard denies the allegations in paragraph 10(e) of the Petition, except admits that typically an issuing bank receives an "interchange fee" paid by an acquiring bank on each transaction.

11. MasterCard denies the allegations in paragraph 11 of the Petition.

12. MasterCard denies the allegations in paragraph 12 of the Petition.

13. MasterCard denies the allegations in paragraph 13 of the Petition.

14. MasterCard denies the allegations in paragraph 14 of the Petition.

15. MasterCard denies the allegations in paragraph 15 of the Petition.

16. MasterCard denies the allegations in paragraph 16 of the Petition.

17. MasterCard denies the allegations in paragraph 17 of the Petition.

18. MasterCard denies the allegations in paragraph 18 of the Petition.

19. MasterCard denies the allegations in paragraph 19 of the Petition, except states that to the extent that paragraph 19 references *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, 2016 WL 3563719 (2d Cir. June 30, 2016), MasterCard respectfully refers the Court to that decision for its contents and context.

20. Answers the allegations in paragraph 20 of the Petition in accordance with its answers to the allegations in paragraphs 1 through 19, inclusive, set forth above.

21. MasterCard denies the allegations in paragraph 21 of the Petition.

22. MasterCard denies the allegations in paragraph 22 of the Petition.

23. MasterCard denies the allegations in paragraph 23 of the Petition.

24. MasterCard denies the allegations in paragraph 24 of the Petition.

25. MasterCard denies the allegations in paragraph 25 of the Petition.

26. Answers the allegations in paragraph 26 of the Petition in accordance with its answers to the allegations in paragraphs 1 through 25, inclusive, set forth above.

27. MasterCard denies the allegations in paragraph 27 of the Petition.

28. MasterCard denies the allegations in paragraph 28 of the Petition.

29. MasterCard denies the allegations in paragraph 29 of the Petition.

30. MasterCard denies the allegations in paragraph 30 of the Petition.

31. Answers the allegations in paragraph 31 of the Petition in accordance with its answers to the allegations in paragraphs 1 through 30, inclusive, set forth above.

32. MasterCard denies the allegations in paragraph 32 of the Petition.

33. MasterCard denies the allegations in paragraph 33 of the Petition.

34. MasterCard denies the allegations in paragraph 34 of the Petition.

35. MasterCard denies the allegations in paragraph 35 of the Petition.

36. Answers the allegations in paragraph 36 of the Petition in accordance with its answers to the allegations in paragraphs 1 through 35, inclusive, set forth above.

37. MasterCard denies the allegations in paragraph 37 of the Petition.

38. MasterCard denies the allegations in paragraph 38 of the Petition.

39. Answers the allegations in paragraph 39 of the Petition in accordance with its answers to the allegations in paragraphs 1 through 38, inclusive, set forth above.

40. MasterCard denies the allegations in paragraph 40 of the Petition.

41. MasterCard denies the allegations in paragraph 41 of the Petition.

42. MasterCard denies the allegations in paragraph 42 of the Petition.

MasterCard denies each and every allegation not specifically admitted above, and MasterCard denies that Plaintiff is entitled to the relief requested.

### AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof it would not otherwise bear, MasterCard asserts the following affirmative or other defenses. MasterCard reserves the right to assert further defenses as the case proceeds.

### FIRST DEFENSE

Plaintiff's claims are barred for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by any and all applicable statutes of limitation or statutes of repose, including without limitation sections 516.100, 516.110, 516.120 and 516.190, RSMo, and the time limitations of any other applicable state or federal law.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing, capacity, or authority to assert them.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by accord and satisfaction.

**EIGHTH DEFENSE**

Plaintiff's claims are barred because Plaintiff has failed to join indispensable parties.

**NINTH DEFENSE**

Any and all of MasterCard's actions challenged by Plaintiff were lawful, necessary, justified, pro-competitive, constituted bona fide business competition, and were carried out in furtherance of MasterCard's legitimate business interests.

**TENTH DEFENSE**

Injuries alleged by Plaintiff were caused in whole or in part by the conduct of third parties for whom MasterCard was not responsible, through forces in the marketplace over which MasterCard had no control, or through acts or omissions on the part of Plaintiff, including failure to mitigate damages, if any.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by various other provisions of the Settlement Agreement between MasterCard and the merchant class in *In re Visa Check/MasterMoney Antitrust Litigation*, 297 F. Supp. 2d 503 (E.D.N.Y. 2003) (Gleeson, J.), *aff'd, Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96 (2d Cir. 2005), and the final judgment in that action.

**TWELFTH DEFENSE**

Some or all of Plaintiff's claims are barred because MasterCard was entitled to, and did, reasonably rely on the decision in *National Bancard Corp. v. Visa U.S.A. Inc.*, 779 F.2d 492 (11th Cir. 1986).

**THIRTEENTH DEFENSE**

Some or all of Plaintiff's claims are, or in the future may be, barred in whole or in part by the "filed rate" doctrine or the terms and implementing regulations of the Dodd-Frank Act.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the Commerce Clause of the United States Constitution.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of *res judicata*.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of collateral estoppel.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred by the voluntary payment doctrine and because of ratification, agreement, acquiescence, or consent to MasterCard's alleged conduct because Plaintiff made all payments to Defendant with full knowledge of all material facts and in the absence of fraud or duress.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred in whole or part by the failure of Plaintiff or those on behalf of whom Plaintiff purports to sue to mitigate damages, if any.

### NINETEENTH DEFENSE

Plaintiff's claims for damages are barred in whole or in part because those allegedly injured by overcharges passed on such overcharges to others.

### TWENTIETH DEFENSE

Plaintiff's claims are barred in whole or in part because MasterCard's conduct was expressly permitted under laws administered by a regulatory body of Missouri or the United States.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part because of express contracts.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's lack of privity with MasterCard.

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks damages, restitution or other monetary relief that are duplicative of damages sought or recovered in other actions.

### TWENTY-FOURTH DEFENSE

Defendant states that although it has denied and does deny liability, it is entitled to an allocation of comparative fault between it and all parties whom the

evidence indicates caused or contributed to cause the occurrence referenced in the Petition, and that each party be allocated its respective percentage of fault by the trier of fact as required by the decision in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. 1983) or other applicable law governing comparative fault.

## **TWENTY-FIFTH DEFENSE**

Plaintiff's claims are barred by Defendant's good faith and fair dealing with respect to all transactions at issue in the Petition.

\* \* \*

WHEREFORE, MasterCard respectfully requests that the Court dismiss the Petition with prejudice, with costs and disbursements to MasterCard, and seeks such other legal and equitable relief, including an award of attorneys' fees, as the Court may deem just and proper.

Dated: September 2, 2016

        Respectfully submitted,

        **ARMSTRONG TEASDALE, LLP**

        */s/ Matthew D. Turner*
        Matthew D. Turner #48031
        Armstrong Teasdale, LLP
        3405 West Truman Blvd., Suite 210
        Jefferson City, Missouri 65109-5713
        Tel: (573) 636-8394
        Fax: (573) 636-8457
        mturner@armstrongteasdale.com

Of Counsel[2]:

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Kenneth A. Gallo
Donna M. Ioffredo
2001 K Street, NW
Washington, DC 20006
Tel: (202) 223-7300
Fax: (202) 204-7356
kgallo@paulweiss.com
dioffredo@paulweiss.com

Gary R. Carney
Alex M. Hyman
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
Fax: (212) 492-0051
gcarney@paulweiss.com
ahyman@paulweiss.com

**WILLKIE FARR & GALLAGHER LLP**

Wesley R. Powell
Matthew Freimuth
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
Fax: (212) 728-8111
wpowell@willkie.com
mfreimuth@willkie.com

*Attorneys for Defendant MasterCard International Incorporated*

---

[2] Not presently admitted in the Western District of Missouri.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorneys listed below, on this 2nd day of September, 2016:

Justin A. Collins
New Prime Inc.
2740 N. Mayfair Avenue
Springfield, MO 65803

*/s/ Matthew D. Turner*
Matthew D. Turner